(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

__Dr. Frederick Joseph Lannak__

(Name of Plaintiff or Plaintiffs)

v.   CIVIL ACTION NO. __0 6    1 8 0__

__1-Delaware, U.S. Senator Joseph R. Biden__
__2-Delaware, U.S. Senator Thomas R. Carper__
__3-Delaware, Congressman Michael N. Castle__

(Name of Defendant or Defendants)

## COMPLAINT

1. This action is brought pursuant to __Age Discrimination Act of 1975__
(Federal statute on which action is based)
for discrimination related to __Plaintiff's Age of 73__ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)
__Age Discrimination Act of 1975-Section 6102__
(Federal statute on which jurisdiction is based)

2. Plaintiff resides at __126D Chestnut Crossing Drive__
(Street Address)
__Newark__   __New Castle__   __Delaware__   __19713__
(City)   (County)   (State)   (Zip Code)
__302 453-1023__
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at
__1-Biden---1105 N. Market St.__
__2-Carper---301 N. Walnut St.__
__3-Castle---201 N. Walnut St.__
(Street Address)
__1-Biden, 2-Carper and 3-Castle__
__Wilmington__   __New Castle__   __Delaware__   __19801__
(City)   (County)   (State)   (Zip Code)

4. The alleged discriminatory acts occurred on
__1-Biden    27    October    1992__
__2-Carper   27    October    1992__
__3-Castle   07  , January  , 1993__
(Day)   (Month)   (Year)

5. The alleged discriminatory practice (Q) is   Q is not continuing.

6. Plaintiff(s) filed charges with the <u>Health and Human Services (HHS) Office of Civil Rights (OCR)</u>
<u>150 S. Independence Mall West-Suite 372 Philadelphia Phila.   PA  19106-3499</u>
(Agency)
(Street Address)   (City)   (County)   (State)  (Zip)

regarding defendant(s) alleged discriminatory conduct on: <u>February 28, 2006</u>
(Date)

7. Attach decision of the agency which investigated the charges referred in paragraph 6 above. (OCR) is working on this.

8. Was an appeal taken from the agency's decision?   Yes ☐   No ☒

   If yes, to whom was the appeal taken? _____

9. The discriminatory acts alleged in this suit concern: (Describe facts on additional sheets if necessary)

<u>Eighty percent of the people diagnosed with a scoliosis have an Idiopathic Scoliosis. The cause of an Idiopathic Scoliosis is unknown. The Plaintiff's EQUILIBRIUM SCOLIOSIS RESEARCH discovered that the weight of the stomach causes an Idiopathic Scoliosis. The Defendants will not give Health and Human Services (HHS) written permission to Analyze, Diagnose and Prove the Plaintiff's RESEARCH because he is 73 years old. The Defendants are discriminating against the Plaintiff because they use the money he pays in taxes to run the Health and Human Service (HHS). At the same time, the Defendants will not give (HHS) written permission to Analyze, Diagnose and Prove his EQUILIBRIUM SCOLIOSIS RESEARCH because the Plaintiff is 73 years old.</u>

10. Defendant's conduct is discriminatory with respect to the following:

   A. ☐ Plaintiff's race
   B. ☐ Plaintiff's color
   C. ☐ Plaintiff's sex
   D. ☐ Plaintiff's religion
   E. ☐ Plaintiff's national origin
   F. ☒ Plaintiff's age

11. Plaintiff prays for the following relief: (Indicate the exact relief requested)

The Plaintiff is asking the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE to award the Plaintiff Seventy-Five-Million-Dollars from the three Defendants (Twenty-Five-Million-Dollars from each of the three Defendants) for refusing to give Health and Human Services (HHS) written permission to Analyze, Diagnose and Prove the Plaintiff's EQUILIBRIUM SCOLIOSIS RESEARCH because he is 73 years old.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 16, 2006

_Dr. Frederick J. Lannok_
(Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Dr. Frederick Joseph Lannak
    (Name of Plaintiff)

v.                      CIIVIL ACTION NO._____

1-Delaware, U.S. Senator Joseph R. Biden
2-Delaware, U.S. Senator Thomas R. Carper
3-Delaware, Congressman Michael N. Castle
    (Names of Defendants)

Idiopathic means "a disease of no known cause". The Plaintiff's EQUILIBRIUM SCOLIOSIS RESEARCH appears to have discovered the cause of an Idiopathic Scoliosis.

In October 1992 the Plaintiff asked the (NIH) National Institutes of Health to Analyze, Diagnose and Prove his RESEARCH and the (NIH) said they need permission from (HHS) Health and Human Services. In October 1992 the Plaintiff asked (HHS) to Analyze Diagnose and Prove His RESEARCH and (HHS) said they need written permission from the Plaintiff's three U.S. elected officials.

In October 1992 the Plaintiff asked both Defendant Number 1 and Defendant Number 2 to give (HHS) written permission. In January 1993 the Plaintiff asked Defendant Number 3 to give (HHS) written permission. In the last thirteen years the Plaintiff asked the three Defendants numerous times to give (HHS) written permission. In the last thirteen years the three Defendants never gave (HHS) written permission and the three Defendants never told the Plaintiff why they never gave (HHS) written permission.

The Plaintiff worked for Sears Hardware in Newark, Delaware. When he was leaving the store on January 18, 2006, he learned that the three Defendants are never going to give (HHS) written permission because they consider the Plaintiff to be much too old at 73 to give (HHS) written permission.

The three Defendants did not give (HHS) written permission to Analyze, Diagnose and Prove the Plaintiff's EQUILIBRIUM SCOLIOSIS RESEARCH. when he asked them in late 1992 and early 1993 when he was 60 years old. Now the three Defendants consider the Plaintiff to be much too old at age 73 to give (HHS) written permission.

                                        The Plaintiff,

                                        *Dr. Fred Lannak* (signature)

                                        Dr. Fred Lannak
                                        126D Chestnut Crossing Drive
                                        Newark, DE 19702



Form Approved: OMB No. 0990-0269.
See OMB Statement on Reverse.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**OFFICE FOR CIVIL RIGHTS (OCR)**
## DISCRIMINATION COMPLAINT

If you have questions about this form, call OCR (toll-free) at:
1-800-368-1019 (any language) or 1-800-537-7697 (TDD)

| YOUR FIRST NAME | YOUR LAST NAME |
|---|---|
| Dr. Frederick Joseph | Lannak |

| HOME PHONE | WORK PHONE |
|---|---|
| (302) 453-1023 | (   ) NO |

| STREET ADDRESS | CITY |
|---|---|
| 126 D Chestnut Crossing Drive | Newark |

| STATE | ZIP | E-MAIL ADDRESS (If available) |
|---|---|---|
| Delaware | 19713 | Doctorfred@aol.com |

Are you filing this complaint for someone else? ☐ Yes  ☒ No
If Yes, against whom do you believe the disrimination was directed?

| FIRST NAME | LAST NAME |
|---|---|
| | |

I believe that I have been (or someone else has been) discriminated against on the basis of:
☐ Race / Color / National Origin    ☒ Age    ☐ Religion    ☐ Gender (Male/Female)
☐ Disability    ☐ Other (specify): _____

Who do you think discriminated against you (or someone else)?
PERSON/AGENCY/ORGANIZATION

Explained on attached sheets — DE Congressman
DE U.S. Senator Joe Biden, DE U.S. Senator Tom Carper, Mike Castle

STREET ADDRESS: BIDEN-1105 N. MARKET STREET
CARPER-301 N. WALNUT STREET
CASTLE-201 N. WALNUT STREET

CITY: Wilmington

| STATE | ZIP | PHONE |   |
|---|---|---|---|
| Delaware | 19801 | (302) | JOE BIDEN 573-6345  TOM CARPER 573-6291  MIKE CASTLE 428-1902 |

When do you believe that the discrimination took place?
LIST DATE(S)

Explained on attached sheets (It is ongoing)

Describe briefly what happened. How and why do you believe you (or someone else) were discriminated against? Please be as specific as possible. (Attach additional pages as needed)

(EXPLAINED On attached sheets) My Age is stopping them (I AM 73) They will not give (HHS) written permission to Analyze, Diagnose and Prove my EQUILIBRIUM SCOLIOSIS RESEARCH

Please sign and date this complaint.
SIGNATURE: Dr. Frederick J. Lannak
DATE: Feb 28, 2006

Filing a complaint with OCR is voluntary. However, without the information requested above, OCR may be unable to proceed with your complaint. We collect this information under authority of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other civil rights statutes. We will use the information you provide to determine if we have jurisdiction and, if so, how we will process your complaint. Information submitted on this form is treated confidentially and is protected under the provisions of the Privacy Act of 1974. Names or other identifying information about individuals are disclosed when it is necessary for investigation of possible discrimination, for internal systems operations, or for routine uses, which include disclosure of information outside the Department for purposes associated with civil rights compliance and as permitted by law. It is illegal for a recipient of Federal financial assistance from Heatlh and Human Services (HHS) to intimidate, threaten, coerce, or discriminate or retaliate against you for filing this complaint or for taking any other action to enforce your rights under Federal civil rights laws. You are not required to use this form. You also may write a letter or submit a complaint electronically with the same information. To submit an electronic complaint, go to our web site at: www.hhs.gov/ocr/discrimhowtofile.html. To mail a complaint see reverse page for OCR Regional addresses.

HHS-699 (4/03) (FRONT)    PSC Media Arts (301) 443-1090   EF

Office for Civil Rights                                February 28, 2006
Department of Health and Human Services
150 S. Independence Mall West – Suite 372
Philadelphia, PA 19106-3499

I have EQUILIBRIUM SCOLIOSIS RESEARCH that appears to have discovered the cause of an Idiopathic Scoliosis. An Idiopathic Scoliosis has no known cause. Idiopathic means "a disease of no known cause."

In October 1992, I contacted the National Institutes of Health (NIH) about getting my RESEARCH Analyzed, Diagnosed and Proven and they said they need permission from the Health and Human Services (HHS). In October 1992, I contacted (HHS) and they said they need written permission from my three U.S. elected officials from Delaware.

In October 1992, I contacted Delaware U.S. Senator Joseph Biden and Delaware Congressman Thomas Carper (who is now Delaware U.S. Senator Thomas Carper) and I asked the 2 of them to give (HHS) written permission. In January 1993, I contacted Delaware Congressman Michael Castle and I asked him to give (HHS) written permission.

I asked Senator Biden, Senator Carper and Congressman Castle numerous times to give (HHS) written permission and they never gave (HHS) written permission and they never told me why they did not give (HHS) written permission.

I worked for Sears Hardware in Newark, Delaware. When I was leaving the store on January 18, 2006, I learned that Senator Biden, Senator Carper and Congressman Castle are not going to give (HHS) written permission because I am too old at age 73.

Senator Biden, Senator Carper and Congressman Castle did not give (HHS) written permission when I first asked them because I was too old at age 60, and now I am much too old at age 73 to ever give (HHS) the written permission they need to Analyze, Diagnose and Prove my EQUILIBRIUM SCOLIOSIS RESEARCH.

Any help you can give me with my (written permission/age discrimination problem) will be appreciated.

                                      Thank you,


                                      Dr. Fred Lannak
                                      126 D Chestnut Crossing Drive
                                      Newark, DE 19713

# LAW RESEARCH



# Age Discrimination Act of 1975

Age Discrimination Act of 1975

(42 U.S.C. Sections 6101-6107)

### Section 6101. Statement of purpose

It is the purpose of this chapter to prohibit discrimination on the basis of age in programs or activities receiving Federal financial assistance.

### Section 6102. Prohibition of discrimination

Pursuant to regulations prescribed under section 6103 of this title, and except as provided by section 6103(b) of this title and section 6103(c) of this title, no person in the United States shall, on the basis of age, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance.

### Section 6103. Regulations

(a) Publication in Federal Register of proposed general regulations, final general regulations, and anti-discrimination regulations; effective date.

(1) Not later than one year after the transmission of the report required by section 6106(b) of this title, or two and one-half years after November 28, 1975, whichever occurs first, the Secretary of Health and Human Services shall publish in the Federal Register proposed general regulations to carry out the provisions of section 6102 of this title.

(2)(A) The Secretary shall not publish such proposed general regulations until the expiration of a period comprised of--

(i) the forty-five day period specified in section 6016(e) of this title, and

(ii) an additional forty-five day period, immediately following the period described in clause (i), during which any committee of the Congress having jurisdiction over the subject matter involved may conduct hearings with respect to the report which the Commission is required to transmit under section 6106(d) of this title, and with respect to the comments and recommendations submitted by Federal departments and agencies under section 6106(e) of this title.

(B) The forty-five day period specified in subparagraph (A)(ii) shall include only days during which both Houses of the Congress are in session.

(3) Not later than ninety days after the Secretary publishes proposed regulations under paragraph (1), the Secretary shall publish in the Federal Register final general regulations to carry out the provisions of section 6106(e) of this title, after taking into consideration any comments received by the Secretary with respect to the regulations proposed under paragraph (1).

(4) Not later than ninety days after the Secretary publishes final general regulations under paragraph (a) (3), the head of each federal department or agency which extends Federal financial assistance to any program or activity by way of grant, entitlement, loan, or contract other than a contract of insurance or guaranty, shall transmit to the Secretary and publish in the Federal Register proposed regulations to carry out the provisions of section 6102 of this title and to provide appropriate investigative, conciliation, and enforcement procedures. Such regulations shall be consistent with the final general regulations issued by the Secretary, and shall not become effective until approved by the Secretary.

(5) Notwithstanding any other provision of this section, no regulations issued pursuant to this section shall be effective before July 1, 1979.

**(b) Nonviolative actions; program or activity exemption.**

(1) it shall not be a violation of any provision of this chapter, or of any regulation issued under this chapter, for any person to take any action otherwise prohibited by the provisions of section 6102 of this title if, in the program or activity involved--

(A) Such action reasonably takes into account age as a factor necessary to the normal operation or the achievement of any statutory objective of such program or activity; or

(B) the differentiation made by such action is based upon reasonable factors other than age.

(2) The provisions of this chapter shall not apply to any program or activity established under authority of any law which (A) provides any benefits or assistance to persons based upon the age of such persons; or (B) establishes criteria for participation in age-related terms or describes intended beneficiaries or target groups in such terms.

**(c) Employment practices and labor-management joint apprenticeship training program exemptions; Age Discrimination in Employment Act unaffected.**

(1) Except with respect to any program or activity receiving Federal financial assistance for public service employment under the Workforce Investment Act of 1998 (29 USC 9201 *et seq.*), nothing in this chapter shall be construed to authorize action under this chapter by any Federal department or agency with respect to any employment practice of any employer, employment agency, or labor organization, or

with respect to any labor-management joint apprenticeship training program.

(2) Nothing in this chapter shall be construed to amend or modify the Age Discrimination in Employment Act of 1967(29 U.S.C. §§ 621-634) as amended, or to affect the rights of responsibilities of any person or party pursuant to such Act.

**Section 6104. Enforcement**

(a) Methods of achieving compliance with regulations.

The head of any Federal department or agency who prescribes regulations under section 6103 of this title, may seek to achieve compliance with any regulation--

(1) by terminating, or refusing to grant or to continue, assistance under the program or activity involved to any recipient with respect to whom there has been an express finding on the record, after reasonable notice and opportunity for hearing, of a failure to comply with any such regulation; or

(2) by any other means authorized by law.

**(b) Limitations on termination of, or on refusal to grant or to continue, assistance; disbursement of withheld funds to achiever agencies.**

Any termination of, or refusal to grant or to continue, assistance under subsection (a)(1) of this section shall be limited to the particular political entity or other recipient with respect to which a finding has been made under subsection (a)(1) of this section. Any such termination or refusal shall be limited to its effect to the particular program or activity, or part of such program or activity, with respect to which such finding has been made. No such termination or refusal shall be based in whole or in part on any finding with respect to any program or activity which does not receive Federal financial assistance. Whenever the head of any Federal department or agency who prescribes regulations under section 6103 of this title withholds funds pursuant to the subsection (a) of this section, he may, in accordance with regulations he shall prescribe, disburse the funds so withheld directly to any public or nonprofit private organization or agency, or State or political s ubdivision thereof, which demonstrates the ability to achieve the goals of the Federal statute authorizing the program or activity while complying with regulations issued under section 6103 of this title.

**(c) Advice as to failure to comply with regulation; determination that compliance cannot be secured by voluntary means**

No action may be taken under subsection (a) of this title until the head of the Federal department or agency involved has advised the appropriate person of the failure to comply with the regulation involved and has determined that compliance cannot be secured by voluntary means.

**(d) Report to congressional committees**

In the case of any action taken under subsection (a) of this section, the head of the Federal department or agency involved shall transmit a written report of the circumstances and grounds of such action to the committees of the House of Representative and the Senate having legislative jurisdiction over the program or activity involved. No such action shall take effect until thirty days after the transmission of any such report.

**(e) Injunctions; notice of violations; costs; conditions of actions**

(1) When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of this Act by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of that action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed. Such interested person may elect, by a demand for such relief in his complaint, to recover reasonable attorney's fees, in which case the court shall award the costs of suit, including a reasonable attorney's fee, to the prevailing plaintiff.

(2) The notice referred to in paragraph (1) shall state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event the plaintiff prevails. No action described in paragraph (1) shall be brought (A) if at the time the action is brought the same alleged violation by the same defendant is the subject of a pending action in any court of the United States; or (B) if administrative remedies have not been exhausted.

**(f) Exhaustion of administrative remedies**

With respect to actions brought for relief based on an alleged violation of the provisions of this chapter, administrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

### Section 6105. Judicial review

(a) Revisions of other laws

Any action by any Federal Department or agency under section 6104 of this title shall be subject to such judicial review as any otherwise be provided by law for similar action taken by any such department or agency on other grounds.

**(b) Provisions of Chapter 7 of Title 5; reviewable agency discretion**

In the case of any action by any Federal department or agency under section 6104 of this title which is not otherwise subject to judicial review, any person aggrieved (including any State or political subdivision thereof and any agency of either) may obtain judicial review of such action in accordance with the provisions of chapter 7 of Title 5. For purposes of this subsection, any such action shall not be purposes of this subsection, any such action shall not be considered committed to unreviewable agency discretion within the meaning of section 701(a)(2) of such title.

### Section 6106. Study of discrimination based on age

(a) Study by Commission on Civil Rights

The Commission on Civil Rights shall (1) undertake a study of unreasonable discrimination based on age in programs and activities receiving Federal financial assistance; and (2) identify with particularity any such federally assisted program or activity in which there is found evidence of persons who are

otherwise qualified being, on the basis of age, excluding from particpation in, denied the benefits of, or subjected to discrimination under such program or activity.

**(b) Public hearings**

As part of the study required by this section, the Commission shall conduct public hearings to elicity the views of interested parties, including Federal departments and agencies, on issues relating to age discrimination in programs and activities receiving Federal financial assistance, and particularly with respect to the reasonableness of distinguishing, on the basis of age, among potential participants in, or beneficiaries of, specific federally assisted programs.

**(c) Publication of results of analyses, research and studies by independent experts; services of voluntary or uncompensated personnel**

The Commission is authorized to obtain through grant or contract, analyses, research and studies by independent experts of issues relating to age discrimination and to publish the results thereof. For purposes of the study required by this section, the Commission may accept and utilize the services of voluntary or uncompensated personnel, without regard to the provisions of section 1975d(b) of this title.

**(d) Report to President and Congress; copies to affected Federal departments and agencies; information and technical assistance**

Not later than two years after November 28, 1975, the Commission shall transmit a report of its findings and its recommendations for statutory changes (if any) and administrative action, including suggested general regulations, to the Congress and to the President and shall provide a copy of its report to the head of each Federal department and agency with respect to which the Commission makes findings or recommendations. The Commission is authorized to provide, upon request, information and technical assistance regarding its findings and recommendations to Congress, to the President, and to the heads of Federal departments and agencies for a ninety-day period following the transmittal of its report.

**(e) Comments and recommenations of Federal departments and agencies; submission to President and Congressional committees**

Not later than forty-five working days after receiving a copy of the report required by subsection (d) of this section, each Federal department or agency with respect to which the Commission makes findings or recommendations shall submit its comments and recommendations regarding such report to the President and to the Committee on Labor and Human Resources of the Senate and the Committee on Education and Labor of the House of Representatives.

**(f) Cooperation of Federal departments and agencies with Commission**

The head of each Federal department or agency shall cooperate in all respects with the Commission with respect to the study required by subsection (a) of this section, and shall provide to the Commission such data, reports, and documents in connection with the subject matter of such study as the Commission may request.

**(g) Authorization of appropriations**

There are authorized to be appropriated such sums as may be necessary to carry out the provisions of this section.

### § 6106a. Reports to the Secretary and Congress

**(a) Reports to Secretary**

Not later than December 31 of each year (beginning in 1979), the head of each Federal department or agency shall submit to the Secretary of Health and Human Services a report (1) describing in detail the steps taken during the preceding fiscal year by such department or agency to carry out the provisions of section 6102 of this title; and (2) containing specific data about program participants or beneficiaries, by age, sufficient to permit analysis of how well the department or agency is carrying out the provisions of section 6102 of this title.

**(b) Reports to Congress**

Not later than March 31 of each year (beginning in 1980), the Secretary of Health and Human Services shall compile the reports made pursuant to subsection (a) of this section and shall submit them to the Congress, together with an evaluation of the performance of each department or agency with respect to carrying out the provisions of section 6102 of this title.

### § 6107. Definitions

For the purposes of this chapter--

(1) the term "Commission" means the Commission on Civil Rights;

(2) the term "Secretary" means the Secretary of Health and Human Services;

(3) the term "Federal department or agency" means any agency as defined in section 551 of Title 5 and includes the United States Postal Service and the Postal Rate Commission; and

(4)the term "program or activity" means all of the operations of --

(A)(i) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(B)(i) a college, university, or other postsecondary institution, or a public system of higher education; or

(ii) a local educational agency (as defined in section 8801 of Title 20), system of vocational education, or other school system;

"(C)(i) an entire corporation, partnership, or other private organization, or an entire sole proprietorship --

"(I) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

"(II) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

"(ii) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

"(D) any other entity which is established by two or more of the entities described in paragraph (A), (B) or (C);

any part of which is extended Federal financial assistance.

Back to the Top of this Page

| Kobe Trial - Colorado Court System | Kobe Trial News Reports |

Home Page | Disclaimer | Privacy Statement
© Copyright 2002 LawResearch, Inc. | Terms of Use

≈JS 44 (Rev. 11/04)                                               CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Dr. Frederick J. Lannak | U.S. Senator Joseph Biden<br>U.S. Senator Thomas Carper<br>Congressman Michael Castle |
| (b) County of Residence of First Listed Plaintiff **New Castle**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant **New Castle**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| 1260 Chestnut Crossing Dr<br>Newark De 19713 302-453-1023<br>(c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ■ 1 | ■ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **42:1983**
Brief description of cause: Will not give (HHS) written permission to help with RESEARCH

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ **75 Million Dollars**    CHECK YES only if demanded in complaint: JURY DEMAND: ■ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE **3/16/06**    SIGNATURE OF ATTORNEY OF RECORD **Fred Lannak**

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170


RE:   C.A.# _____06   180_____

CASE CAPTION: _____Lannak_____ v. ___Biden et al___


# ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received by Plaintiff: MAR 16 2006       Signed: _Ted Lannak_
                                                            Pro Se Plaintiff

Date Received by Clerk's office: MAR 16 2006   Signed: _Evette Watson_
                                                            Deputy Clerk


Note: If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street
Lockbox 18
Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc: Docketing Clerk

wp\forms\rule4receipt 2-04