IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DR. FREDERICK JOSEPH LANNAK,  :

   Plaintiff,      :

            :

 v.           :    Civil Action No. 06-180 (JJF)

            :

U.S. SENATOR JOSEPH BIDEN,   :

U.S. SENATOR THOMAS CARPER,  :

CONGRESSMAN MICHAEL CASTLE,  :

            :

   Defendants.      :


**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

COLM F. CONNOLLY
United States Attorney

ELLEN W. SLIGHTS
Assistant United States Attorney
Delaware Bar No. 2782
1007 N. Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277 ext. 158
Ellen.Slights@usdoj.gov


House General Counsel

Geraldine R. Gennet
General Counsel

Kerry W. Kircher
Deputy General Counsel

John D. Filamor
Assistant Counsel

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Bldg.

Senate Legal Counsel

Patricia Mack Bryan
Senate Legal Counsel

Morgan J. Frankel
Deputy Senate Legal Counsel

Grant R. Vinik
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Washington, D.C. 20515-6532
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)

Attorneys for U.S. Representative
Michael N. Castle


Dated:  June 26, 2006

Office of Senate Legal Counsel
United States Senate
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (telephone)
(202) 224-3391 (facsimile)

Attorneys for U.S. Senators Joseph
R. Biden, Jr. and Thomas R. Carper

**TABLE OF CONTENTS**

Table of Authorities ........................................................... ii

Introduction ...................................................................1

Procedural Background ........................................................2

Summary of Argument ........................................................2

Plaintiff's Allegations ........................................................2

Argument ......................................................................3

I.      The Age Discrimination Act Applies to Programs and Activities that
        Receive Federal Funds; It Does Not Cover the Actions of United States
        Senators or Representatives ..........................................4

II.     A Member of Congress' Refusal to Assist a Constituent in Response
        to the Constituent's Request Does Not Create a Cognizable Claim ...........6

Conclusion ....................................................................7

## TABLE OF AUTHORITIES

**Cases:**

*California Public Employees' Retirement System v. Chubb Corp.,*
        394 F.3d 126 (3$^d$ Cir. 2004) ........................................ 4

*Colburn v. Upper Darby Twp.,* 838 F.2d 663 (3$^d$ Cir. 1988) ........................ 3

*Doe v. Delie,* 257 F.3d 309 (3$^d$ Cir. 2001) ................................. 3

*Karchin v. Metzenbaum,* 587 F. Supp. 563 (N.D. Ohio 1983) ..................... 6

*McDonough v. Ney,* 599 F. Supp. 679 (D. Maine 1984) ........................ 2, 6

*Markowitz v. Northeast Land Co.,* 906 F.2d 100 (3$^d$ Cir. 1990) ................... 3

*Richards v. Harper,* 864 F.2d 85 (9th Cir. 1988) ............................ 2, 6

**Statutes:**

Age Discrimination Act of 1975:
      42 U.S.C. §§ 6101-6102 ......................................... 4
      42 U.S.C. §§ 6101-6102, 6107 ................................... 2
      42 U.S.C. §§ 6101-6107 ........................................ 3
      42 U.S.C. § 6103(b) ........................................... 4
      42 U.S.C. § 6104 ........................................... 5, 6
      42 U.S.C. § 6104(e)(1) ..................................... 2, 5, 6
      42 U.S.C. § 6104(e)(2) ..................................... 2, 5, 6
      42 U.S.C. § 6107(4) ........................................... 5

## INTRODUCTION

Plaintiff Frederick Lannak, proceeding *pro se*, has filed this suit against Senator

Joseph R. Biden, Jr., Senator Thomas R. Carper, and Representative Michael N. Castle,

claiming that these defendants violated his rights under the Age Discrimination Act of

1975. In particular, plaintiff alleges that the defendants repeatedly refused his requests to

direct the Department of Health and Human Services ("HHS") to grant the National

Institutes of Health ("NIH") permission to analyze and prove plaintiff's research

regarding the cause of a spine condition he terms "equilibrium scoliosis." Plaintiff asserts

that the defendants declined to direct HHS to have NIH analyze his research because of

his age, and he requests $75 million in damages for defendants' alleged violation of his

rights under the Age Discrimination Act.

Plaintiff's complaint asserting a cause of action under the Age Discrimination Act

fails to state a claim against the defendants and should be dismissed. The Age

Discrimination Act prohibits discrimination on the basis of age in programs or activities

that receive federal funds; it does not cover the actions of Members of Congress. Thus,

as a matter of law, plaintiff's allegations against the defendant Members of Congress do

not state a claim for a violation of that Act. In addition, plaintiff's allegations constitute a

claim that he requested assistance from the defendants that they declined to provide.

Courts have uniformly held that such allegations – that a Member of Congress has

declined a request for assistance from a constituent – fail as a matter of law to state any

cognizable claim. Accordingly, plaintiff's complaint against Defendants Senator Biden,

Senator Carper, and Representative Castle should be dismissed with prejudice for failure

to state a claim.

## PROCEDURAL BACKGROUND

On March 16, 2006, plaintiff filed this civil action. After failing to serve a proper summons, plaintiff delivered copies of alias summonses to Senator Carper, Senator Biden, and Congressman Castle on April 26, 2006.

## SUMMARY OF ARGUMENT

1.    Plaintiff's allegations that defendants violated the Age Discrimination Act fail to state a claim because that Act does not cover the actions of United States Senators or Representatives. *See* 42 U.S.C. §§ 6101-6102, 6107. In addition, the Age Discrimination Act provides for a cause of action for equitable relief only, and thus does not permit plaintiff's sole claim seeking only money damages. *See* 42 U.S.C. § 6104(e)(1). Further, plaintiff has failed to exhaust his administrative remedies prior to bringing his suit as required by the Age Discrimination Act. *See Id.* § 6104(e)(2).

2.    Allegations that a Member of Congress has declined a constituent's request for assistance does not state any cognizable claim. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1985); *McDonough v. Ney*, 599 F. Supp. 679, 683 (D. Maine 1984).

## PLAINTIFF'S ALLEGATIONS

In his complaint, plaintiff alleges that he has conducted "equilibrium scoliosis" research that has discovered the cause of idiopathic scoliosis (a condition involving curvature of the spine), and that his research demonstrates that idiopathic scoliosis is caused by the weight of the stomach. Compl. ¶ 9 [D.I. 1] and attachment 1. Plaintiff further alleges that in 1992 he requested that the National Institutes of Health ("NIH") analyze and prove his research. *See id.* att. 1. NIH allegedly informed plaintiff that it needed permission from the Department of Health and Human Services ("HHS") to

- 2 -

undertake such an investigation. *See id.* Plaintiff then contacted HHS, which allegedly

responded that it needed written permission from plaintiff's elected federal officials

before it could grant permission for NIH to analyze his research. *See id.*

Plaintiff claims that "numerous times" in the "last thirteen years" he has made

requests to Senator Biden, Senator Carper, and Congressman Castle, asking that they

provide written permission to HHS so that NIH may investigate and analyze his research,

*see id.* The defendants refused his requests, plaintiff alleges, without ever providing him

with a reason for their refusal. *See id.* In January 2006, plaintiff alleges, "[w]hen he was

leaving [a Sears Hardware] store [in Newark, Delaware] . . . he learned that the three

Defendants are never going to give (HHS) written permission because they consider the

Plaintiff to be much too old at 73 to give (HHS) written permission" to investigate his

research. *See id.* Plaintiff asserts, based on these allegations, that the defendants have

discriminated against him on the basis of his age, in violation of the Age Discrimination

Act of 1975, codified at 42 U.S.C. §§ 6101-6107.

## ARGUMENT

On a motion to dismiss under Rule 12(b)(6), all facts alleged in the complaint and

all reasonable inferences that can be drawn from them must be accepted as true,

*Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3ᵈ Cir. 1990), and the motion

should be granted only if there is no reasonable reading upon which the plaintiff may be

entitled to relief. *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 665-66 (3ᵈ Cir. 1988); *see*

*also Doe v. Delie*, 257 F.3d 309, 313 (3ᵈ Cir. 2001) (complaint should be dismissed on

12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations.") (citing *Hishon v. King & Spalding*,

467 U.S. 69, 73 (1984)).  However, in making that determination, a court "need not credit

a complaint's 'bald assertions' or 'legal conclusions.'" *California Public Employees'*

*Retirement System v. Chubb Corp.*, 394 F.3d 126, 143 (3ᵈ Cir. 2004) (citing *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3ᵈ Cir. 1997)).

In this case, plaintiff's complaint asserting a cause of action under the Age

Discrimination Act fails on its face to state a claim upon which relief can be granted

against the defendants because (1) the Act does not apply to the actions of United States

Senators or Representatives, and (2) a Member of Congress declining a request for

assistance by a constituent does not create a cognizable legal claim.

I.      **The Age Discrimination Act Applies to Programs and Activities
        that Receive Federal Funds; It Does Not Cover the Actions of
        United States Senators or Representatives**

Plaintiff asserts that the defendants declined to assist him in securing NIH's help

in analyzing and proving his research because of his age in violation of the Age

Discrimination Act.  However, that Act does not cover the actions of U.S. Senators or

Representatives, and thus plaintiff's claim under that Act fails as a matter of law.

The Age Discrimination Act generally prohibits discrimination on the basis of age

in "any programs or activities receiving Federal financial assistance."  42 U.S.C. §§ 6101-

6102.[1]  For purposes of that statute, a "program or activity" is defined in pertinent part

as all of the operations of (a) state and local governments, agencies, or instrumentalities,

(b) a college, university, other post secondary institution, or a public system of higher

---

[1]    The Act does permit actions based on age where "(a) such action reasonably
takes into account age as a factor necessary to the normal operation or the achievement of
any statutory objective of such program or activity; or (b) the differentiation made by
such action is based upon reasonable factors other than age."  42 U.S.C. § 6103(b).

education, or a local education agency or other school system; (c) a corporation,

partnership, or other private organization or sole partnership, or part thereof depending on

receipt of Federal financial assistance. 42 U.S.C. § 6107(4). That term does not include

any federal entity or any Member of Congress. Accordingly, as the Act applies to the

actions of program or activities, and as Members of Congress are not within the definition

of a "program or activity," the Act does not cover actions taken by Members of Congress.

Consequently, the defendants' alleged denials of plaintiff's requests did not violate the

Age Discrimination Act, and plaintiff's claim thereunder must be dismissed.

Indeed, even if plaintiff found a correct defendant under the statute, which he has

not, his claim would still fail because (1) the Act does not provide for monetary relief as

sought by plaintiff; and (2) he has not exhausted his administrative remedies. The section

of the Act that provides for suit by individuals who have suffered discrimination, 42

U.S.C. § 6104, authorizes a person to bring an action in federal court "*to enjoin* a

violation of this Act by any program or activity receiving Federal financial assistance."

42 U.S.C. § 6104(e)(1) (emphasis added). The Act thus authorizes only injunctive relief.

Accordingly, plaintiff's claim, which seeks only money damages, *see* Compl. ¶ 11

(requesting an award of $75 million), does not state a cause of action under the Act.

The Act also requires that administrative remedies be exhausted prior to filing any

suit under the Act. *See* 42 U.S.C. § 6104(e)(2). Plaintiff alleges that he filed an

administrative complaint on February 28, 2006 with the Office of Civil Rights at HHS,

*see* Compl. att. 3, and that his administrative complaint was still pending at the time this

suit was filed. *Id.* ¶ 7 ("OCR is working on this"). Accordingly, plaintiff did not exhaust

his administrative remedies prior to filing this suit, and his complaint under the Age

Discrimination Act must therefore be dismissed.[2]

## II.    A Member of Congress' Refusal to Assist a Constituent in Response to the Constituent's Request Does Not Create a Cognizable Claim

Plaintiff's Age Discrimination Act claim is based on the allegation that he requested assistance from the defendants that they declined to provide. Namely, plaintiff alleges that Senators Biden, Senator Carper, and Representative Castle have declined his requests that they direct HHS to authorize NIH to investigate plaintiff's medical research. Courts have held that such an allegation – that a Member of Congress declined the request for assistance from a constituent – fails as a matter of law to state any cognizable claim against Members of Congress. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (congressman's "failure to assist [constituent] was neither inappropriate nor actionable"); *McDonough v. Ney*, 599 F. Supp. 679, 683 (D. Maine 1984) (congressional defendants' "refusing to intervene in behalf of plaintiffs as requested . . . was neither inappropriate nor actionable"); *cf. Karchin v. Metzenbaum*, 587 F. Supp. 563, 565-66 (N.D. Ohio 1983) (plaintiff "may prefer that the standard procedures in defendant[] [Senator's] office be other than what they are. However, to bring a successful suit plaintiff must present the court with evidence that such methods are a violation of statute or rule and are not merely discretionary."). Accordingly, plaintiff's complaint challenging the failure of the defendants to assist him in making NIH analyze his research should be dismissed for failure to state a cognizable claim.

---

[2]    In addition, the Act requires that, at least 30 days prior to commencement of a suit under 42 U.S.C. § 6104, prospective plaintiffs give notice to the Attorney General, the Secretary of HHS, and the person against whom the action is directed, setting forth, *inter alia*, the nature of the alleged violation and the relief to be requested. *See* 42 U.S.C. § 6104(e)(1)-(2). Plaintiff has not alleged that he complied with that notice requirement.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendants' motion and dismiss plaintiff's complaint against them with prejudice.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:

ELLEN SLIGHTS
Assistant United States Attorney
Delaware Bar No. 2782
1007 N. Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277 ext. 158
Ellen.Slights@usdoj.gov


Geraldine R. Gennet
General Counsel

Kerry W. Kircher
Deputy General Counsel

John D. Filamor
Assistant Counsel

Office of General Counsel
U.S. House of Representatives
219 Cannon House Office Bldg.
Washington, D.C. 20515-6532
(202) 225-9700 (tel)
(202) 226-1360 (fax)

Attorneys for U.S. Representative
Michael N. Castle

Dated: June 2�int , 2006


Patricia Mack Bryan
Senate Legal Counsel

Morgan J. Frankel
Deputy Senate Legal Counsel

Grant R. Vinik
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
United States Senate
642 Hart Senate Office Building
Washington, D.C. 20510-7250
(202) 224-4435 (tel)
(202) 224-3391 (fax)

Attorneys for U.S. Senators Joseph
R. Biden, Jr. and Thomas R. Carper

- 8 -

## CERTIFICATE OF SERVICE

It is hereby certified that on this ____ day of June, 2006, I caused to be filed the

foregoing **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with

the Clerk of Court using the Court's electronic filing system (ECF), and that I also caused

to be sent via United States Mail, postage prepaid, this document to the following non-

registered party:

> Dr. Frederick Joseph Lannak
> 126D Chestnut Crossing Drive
> Newark, DE 19713
>
> Plaintiff *pro se*

ELLEN W. SLIGHTS