IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. FREDERICK JOSEPH LANNAK,<br><br>Plaintiff,<br><br>v.<br><br>U.S. SENATOR JOSEPH R. BIDEN, JR., U.S. SENATOR THOMAS R. CARPER, and CONGRESSMAN MICHAEL N. CASTLE,<br><br>Defendants. | ) | Civ. No. 06-180-SLR |

**MEMORANDUM ORDER**

At Wilmington this 26th day of February, 2007, having reviewed defendants' motion to dismiss and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 13) is granted, for the reasons that follow:

1. **Background.** Plaintiff, Dr. Frederick Joseph Lannak, has filed a complaint against Senator Joseph R. Biden, Jr., Senator Thomas R. Carper, and Representative Michael N. Castle ("defendants"). In his complaint, plaintiff asserts that the defendants have violated the Age Discrimination Act of 1975, U.S.C. § 6102 ("ADA"), by repeatedly refusing his requests that defendants direct the Department of Health and Human Services ("HHS") to grant the National Institutes of Health ("NIH")

permission to analyze and prove plaintiff's research regarding the cause of a spinal condition he calls "equilibrium scoliosis." More specifically, plaintiff asserts that, in 1992, he requested that the NIH analyze and prove his research demonstrating that idiopathic scoliosis (a condition involving curvature of the spine) was caused by the weight of the stomach. NIH allegedly informed plaintiff that it needed permission from HHS to undertake such an investigation. When plaintiff contacted HHS, he allegedly was told that HHS needed written permission from plaintiff's elected federal officials before it could grant permission for NIH to undertake the research. (D.I. 1, ¶ 9) Plaintiff claims that "numerous times" in the "last thirteen years" he has requested such written permission from the defendants; such requests have been denied without reason given. Plaintiff declares that, in January 2006, he learned that defendants would never direct HHS to give its written permission to investigate his research and concludes, thereby, that defendants have discriminated against him based on his age (73 years of age at the time of filing), in violation of the ADA. Plaintiff seeks $75 million in damages.

2. **Legal standard.** In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiffs. See Trump Hotels & Casino

Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiffs cannot demonstrate any set of facts that would entitle them to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

3. **Analysis.** The ADA generally prohibits discrimination on the basis of age in "any programs or activities receiving Federal financial assistance." 42 U.S.C. §§ 6101-6102. For purposes of that statute, a "program or activity" is defined in pertinent part as all of the operations of: (a) state and local governments, agencies, or instrumentalities; (b) a college, university, other post secondary institution, or a public system of higher education, or a local education agency or other school system; (c) a corporation, partnership, or other private organization or sole partnership, or part thereof depending on receipt of Federal financial assistance. 42 U.S.C. § 6107(4). The term "program or activity" does not include any federal entity or any Member of Congress. Therefore, the ADA does not

cover actions taken by Members of Congress and defendants' alleged denials of plaintiff's requests are not violative of the ADA.

4. Even if the ADA were found to cover the alleged conduct of the named defendants, plaintiff's claim is not cognizable because plaintiff has not exhausted the administrative remedies provided for under the ADA. 42 U.S.C. § 6104(e)(2). Although plaintiff asserts that he filed an administrative complaint in February 2006 with the Office of Civil Rights at HHS (D.I. 1, att. 3), the complaint was still pending at the time suit was filed. See Burgess v. Carmichael, 37 Fed. Appx. 228, 292 (9th Cir. 2002)(collecting cases)(unpulbished).

5. Moreover, the ADA does not provide for montary relief as sought in the complaint; instead, the ADA only authorizes a person to bring an action in federal court "to enjoin a violation of this Act by any program or activity receiving Federal financial assistance." 42 U.S.C. § 6104(e)(1). Plaintiff's claim, which seeks only monetary damages, does not state a claim upon which relief may be granted.

6. Finally, plaintiff's claim is barred under the legal principle that a member of Congress' refusal to assist a constituent in response to the constituent's request for help does not create a cognizable claim. See Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988).

7. **Conclusion.** For the reasons stated above, plaintiff has not stated a cognizable claim under the ADA. Therefore, defendants' motion to dismiss shall be granted.

United States District Court